### WILLIAM BREIT v. JOHN SOLFERINO.

Submitted December 5, 1908—Decided February 23, 1909.

1. A mortgagee in a chattel mortgage which covered chattels about to be sold under execution by a constable, who had been notified of the existence of the mortgage, is not precluded from asserting his rights as such mortgagee, in a suit in tort against the officer, by the fact that he failed to avail himself of the provisions of the one hundred and ninetieth section of the District Court act providing a mode for trying a claim of property.
2. In the absence of fraud, a substantial compliance with the provisions of the Chattel Mortgage act, which requires the statement of the consideration of the mortgage annexed thereto, will suffice.

------

On appeal from the District Court of the city of Hoboken.

Before Justices REED, BERGEN and MINTURN.

For the appellee, *Isaac F. Goldenhorn.*

For the appellant, *Alberico O. Ciccarelli.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff held a chattel mortgage for the sum of $500 upon certain goods and chattels of one Benjamin Fleischer, which was duly acknowledged and recorded. Subsequently the defendant obtained a judgment against Fleischer in the District Court of the city of Hoboken, and sold the mortgaged goods under an execution issued upon the judgment. Prior to the sale the constable was notified of the existence of the mortgage by the counsel for the mortgagee, but ignored it, proceeded with the sale, and took possession of the mortgaged goods in virtue thereof. The mortgagee thereupon instituted this action in tort against the defendant.

One of the defences relied upon was that the mortgage was fraudulent. But there was no competent proof of that allegation. The plaintiff's attorney, who drew the mortgage, testified to the fact that he had seen the consideration ($500) paid by the mortgagee to the mortgagor. The fact that the court overruled the question upon cross-examination, whether the witness could tell the denomination of the bills, was of little moment; and it is not perceived how its exclusion could prejudice the defendant.

It was further contended, that because the plaintiff had not served a notice of claim of property upon defendant, under section 190 of the District Court act (*Pamph. L.* 1898, *p.* 624) the defendant was warranted in ignoring the plaintiff's claim, and selling the goods under the execution; and in support of this contention defendant relies upon *Masters* v. *Champion,* 46 *Vroom* 768. That case, however, affords no support to the contention, for there the owner of the chattels sold made a written claim pursuant to which the sale was adjourned, and no further effort was made to enforce the claim, and the Court of Errors put the decision entirely upon the ground of abandonment by the claimant of her claim. In the case at bar, no adjournment was had, and no opportunity was afforded the plaintiff to apply for a jury and try the right of property, as contemplated by the one hundred and ninetieth section. The case *sub judice,* therefore, is ruled by those cases which have determined that the claimant may rely upon his common law

remedy, where his claim is ignored, and that the officer sells at his own risk. *Harris* v. *Krause,* 31 *Id.* 72 ; *Berry* v. *Chamberlain,* 24 *Id.* 463.

It is finally contended that the plaintiff's mortgage is invalid, because of an alleged defect in the affidavit annexed thereto, and gives him no right or title to the property in question. But this contention is equally without merit. The affidavit states that the plaintiff is the owner and holder of the mortgage, and that the consideration thereof is $500 with interest. That the "conditions" (meaning undoubtedly the consideration) thereof are, that "deponent loaned on the day of the date hereof the sum of $500 to the said mortgagor, which said mortgagor has used to purchase much of the stock mentioned in the schedule herein." The fact that the affidavit thus attempts to account for the mortgagor's disposition of the consideration is not, as defendant contends, an infirmity in the affidavit, but may well be rejected as surplusage; and under the adjudications, in the absence of fraud, the affidavit would still be in substantial compliance with the requirements of the Chattel Mortgage act. *American Soda Fountain Co.* v. *Stolzenbach,* 46 *Vroom* 721.

The judgment is affirmed, with costs.